GI M. MALALA, for himself and on behalf
of the GI FAMILY of Pago Pago, Plaintiff

v.

LEAIA TEMU and SOLEMA TEMU, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 22-88

August 25, 1989

Before REES, Associate Justice, AFUOLA, Associate Judge, and
MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Gata E. Gurr
 For Defendants, Tau'ese P.F. Sunia

On Motion for Relief from Judgment:

[*See Gi v. Temu*, 11 A.S.R.2d 137 (1989); *id.* (Memorandum
Order), 12 A.S.R.2d 33 (1989).]

This motion was heard on August 22, 1988. The Court heard
the testimony of Freddie Malala, the son and brother of the two
defendants and their designated spokesman, to the effect that neither he
nor the defendants knew that they had lost the case until a day or two
before July 16, when their then-attorney told him to come to his office
to discuss the decision. Malala said he went to the office on July 16 but
that the attorney could not find the decision; and that he came back the
following day and was given a copy of the decision. He added that he
discussed the case further with the attorney at a church revival meeting
held a couple of days later in Tafuna, and that the attorney advised him
not to appeal.

The attorney submitted a memorandum stating that all these events happened about two weeks earlier than Malala said they did. The memorandum says the attorney called Malala on June 27, the very day the decision was issued, and explained the decision and the defendants' right to appeal; that during the following three days the attorney reminded Malala's wife and then Malala himself that Malala should come in to the office to discuss the decision; that Malala finally came in on July 3 but that the attorney could not find his copy of the opinion; that on July 4 he did find it, gave a copy to Malala, discussed the impending deadline for filing a motion for new trial as a prerequisite to any appeal, and also discussed the prospects of success on appeal; and that on July 5 they met at a revival meeting and agreed that there should be no appeal.

The two-week difference is crucial. Defendants were required by law to file a motion for new trial by July 7 if they wished to appeal the Court's decision. *See* A.S.C.A. § 43.0802(a). If Malala's testimony is correct, defendants never knew of the statutory ten-day deadline until after it had passed. If the attorney's memorandum is correct, they did know about the deadline and deliberately let it pass.

The Court has ascertained (from evidence outside the record but conceded by defendants' present attorney to be correct) that the Tafuna revival meeting was held no later than July 7. Freddie Malala himself admitted that the meeting took place a day or two after he had been informed of the decision and of defendants' right to appeal. It is therefore clear that the attorney did in fact notify his clients of the July 7 deadline in time for them to have filed a motion for new trial had they so wished.

A Rule 60(b) motion for relief from judgment cannot be used as a substitute for appeal by one who had a fair chance to appeal and chose not to do so. Accordingly, the motion is denied and the Court's judgment stands.[1]

It is so ordered.

---

[1] One finding of fact in our judgment will, however, be amended by stipulation of the parties. Defendant Solema Temu is the natural daughter of Temu Malala and is a blood member of the Gi family.